**In re TAMA BEEF PACKING INC., Debtor.**

**No. 01–03822.**

United States Bankruptcy Court, N.D. Iowa.

April 19, 2002.

John M. Titler, Cedar Rapids, IA, for debtor.

Jeffrey P. Taylor, Cedar Rapids, IA, for trustee.

## ORDER RE MOTION TO ASSUME OR REJECT LEASE

PAUL J. KILBURG, Chief Judge.

On April 12, 2002, the above-captioned matter came on for hearing on the Chapter 7 Trustee's Motion to Assume or Reject Lease pursuant to 11 U.S.C. § 365. The Chapter 7 Trustee, Renee Hanrahan, appeared in person with her attorney, Jeffrey Taylor. Attorney Carroll Reasoner appeared for the City of Tama, Iowa. Attorneys Jeff Courter and Jay Eaton appeared for Agriprocessors, Inc. Attorney Lynn Hartman appeared for Iowa Quality Beef Supply Network. Attorney Larry Gutz appeared for GECC. Attorney Ron Pepples appeared for T.E.C. Industrial, Inc.

### STATEMENT OF THE CASE

Debtor Tama Beef Packing, Inc. operated a beef packing plant in Tama County, Iowa. On November 8, 2001, Debtor filed a Chapter 11 reorganization petition in this Court. On December 18, 2001, the case was converted to one under Chapter 7 and Renee Hanrahan was appointed as the Chapter 7 Trustee. The first meeting of creditors, as a Chapter 7 case, was held January 15, 2002. At all relevant times, Tama Beef Packing, Inc. had ceased business operations.

One of the primary assets, if not the sole asset of the estate with value, is an unexpired lease between Debtor Tama Beef Packing, Inc. and the City of Tama, Iowa. The lease was executed on June 19, 2000 with a termination date of June 30, 2003.

The lease involves real estate owned by the City of Tama, Iowa. The Tama Beef Packing, Inc. processing facility is located on this property. The lease provided that, upon its termination in June 2003, Tama Beef Packing, Inc. could purchase the real estate, fixtures and equipment which were the subject of the lease for a sum described in the lease. At the time of the filing of the original bankruptcy petition and continuing post-petition, Tama Beef Packing, Inc. was in arrears in lease payments, real estate taxes, insurance payments, water and sewer charges, and utility charges. Because of the arrearages in lease payments, the City of Tama elected to accelerate the rent due. At the time of conversion from Chapter 11 to Chapter 7, Debtor had an arrearage with the City in excess of $840,000.

The Chapter 7 Trustee commenced an evaluation of the assets of the estate and determined that the lease may have value to the estate. On December 28, 2001, Trustee filed a Motion for Extension of Time to Assume or Reject this lease. The City of Tama filed an objection to any extension. After hearing, this Court entered an order finding that Trustee had 60 days from the date of conversion of December 18, 2001 which allowed Trustee until approximately February 16, 2002 to make an election to assume or reject the lease. Additional hearings were held, and on January 25, 2002, the Court entered additional orders determining that Trustee did have additional time within which to assume or reject the lease. During this time, potential purchasers of Debtor's business began to contact Trustee. Also during this time, a creditor (GECC) agreed to loan Debtor up to $10,000 for payment of ongoing expenses for utilities until the deadline to elect to assume or reject the lease.

On February 15, 2002, Trustee filed another motion for extension of time to assume or reject the lease. During this period, Trustee began communications with Agriprocessors, Inc. Trustee informed the Court that Agriprocessors, Inc. was serious about pursuing this lease and had provided Trustee with a letter of intent but needed additional time within which to explore the viability of assuming the lease. The Court granted an additional ten days to Trustee in an order entered February 15, 2002. The City moved to rescind that order of extension and a hearing was held on February 21, 2002. By this time, Iowa Quality Beef Supply Network had also expressed interest, along with Agriprocessors, in assuming the lease. Based on the state of the negotiations, the Court concluded that sufficient cause existed to extend the deadline to allow Trustee to explore further negotiations with potential purchasers. The deadline for assuming or rejecting the lease was extended until at least March 12, 2002.

Hearing was held as scheduled on March 12, 2002. The issue was whether a further extension of time should be granted to Trustee to assume or reject the lease. The Court entered a ruling on the same date and found that Agriprocessors had submitted a proposed assignment agreement to Trustee. Additionally, Iowa Quality Beef continued to express interest in this site as a meat packing plant. The Court found that Trustee had no money to pay arrearages and that, as time passed, the City of Tama was being asked to absorb additional costs while Trustee negotiated with potential purchasers of this lease. The Court expressed concern about the vagueness of the negotiations which contained no truly binding commitment from AgriProcessors, Inc.

The Court conditionally granted Trustee's Motion to extend. However, this ex-.

tension was premised upon Agriprocessors paying Trustee the irrevocable sum of $100,000. If that sum was paid by March 15, 2002, the Court would extend the time to assume or reject until April 12, 2002. If that sum was not received, the Court would enter a final order denying extension of time to assume or reject and the lease would be determined to be rejected. After a hearing to clarify the Court's order, Agriprocessors timely submitted $100,000. Based upon this irrevocable payment, the Court extended Trustee's time to assume or reject the lease until the hearing set for April 12, 2002.

As of March 15, 2002, Trustee had received an offer from Agriprocessors, Inc. and was actively negotiating with them concerning the terms of an assignment of the lease. As noted in the Court's March 12, 2002 order, the agreement with Agriprocessors, Inc. was not a truly binding agreement. Agriprocessors, Inc. reserved to itself the ability to withdraw its commitment if it so chose. The purported price for the lease was $235,000. However, no actual cash was to change hands until closing and closing was contingent upon numerous obligations being satisfied and numerous conditions precedent to Agriprocessors obligations to close. It was this list of contingencies which concerned the Court and required the payment of $100,000.

On April 3, 2002, Trustee filed a Motion for Leave to Amend Trustee's previously filed Motion to Assume and Assign the Unexpired Lease under § 365. In this motion, Trustee stated that there had been negotiations with Agriprocessors, Inc. However, Trustee had now also received an offer from Iowa Quality Beef Supply Network. Because of this, Trustee anticipated that a bidding process may occur between Agriprocessors and Iowa Quality Beef prior to the hearing scheduled for April 12. In the proposed Amendment, Trustee was seeking a Court order authorizing Trustee to assume the lease between the City of Tama and Tama Beef Packing, Inc. However, the Amendment reserved to Trustee the ability to assign the lease to the party which Trustee believed had submitted the offer which was in the best interests of the bankruptcy estate and the creditors. In other words, Trustee now continued to express a desire to assume the lease but opened the bidding process to Agriprocessors and Iowa Quality Beef to determine to which of these two entities the Trustee would assign the assumed lease.

In conjunction with the motion, the Trustee sought to shorten time for notice since all parties were already actively involved in the process. On April 3, 2002, the Court entered an order shortening time for noticing the motion and including the amended motion and any objections in the matters set for hearing to be held on April 12, 2002. Both Agriprocessors and Iowa Quality Beef notified the Trustee of their intention to participate in these negotiations. Negotiations were held between these entities and the Trustee on April 10, 2002. As a result, Agriprocessors, Inc. submitted an assignment and assumption agreement setting out its terms relative to assignment of this lease. Iowa Quality Beef Supply Network likewise executed an assignment and assumption agreement setting out its proposed terms for assignment of this lease. At the time of hearing on April 12, 2002, the Court was presented with offers made to the Trustee by both Agriprocessors, Inc. and Iowa Quality Beef.

At the hearing, the Trustee informed the Court that, in the opinion of the Trustee, the offer made by Iowa Quality Beef Supply Network was in the best interests of the estate and asked the Court to ap-

prove the assumption of the lease by the Trustee with subsequent assignment to Iowa Quality Beef Supply Network. In seeking this approval, the Trustee indicated that both offers satisfy the requirements of § 365(a) and § 365(b)(1). However, Trustee expressed the opinion that the Iowa Quality Beef Supply Network offer is in the best interest of the estate.

In applicable part, § 365 provides:

(a) except as provided in sections 765 and 766 of this title and in subsections (b), (c), and (d) of this section, the trustee, subject to the court's approval, may assume or reject the executory contract or unexpired lease of debtor.

(b)(1) If there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of assumption of such contract or lease, the trustee—

(A) cures, or provides adequate assurance that the trustee will promptly cure, such default;

(B) compensates, or provides adequate assurance that the trustee will promptly compensate, a party other than the debtor to such contract or lease, for any actual pecuniary loss to such party resulting from such default; and

(C) provides adequate assurance of future performance under such contract or lease.

11 U.S.C. §§ 365(a) and 365(b)(1).

■ Thus, there are three requirements which must be satisfied in order to meet the statutory requirements of § 365. They are: (1) a cure of any default or adequate assurance of prompt cure of default; (2) adequate assurance of prompt compensation for monetary loss; and (3) adequate assurance of future performance of the contract. The Code does not define

"executory contract". Though this term has often been a subject of litigation, for the purposes of this ruling, this Court concludes that the unexpired lease between Tama Beef Packing, Inc. and the City of Tama, Iowa is an executory contract as defined in § 365.

■ In making the determination of "adequate assurance", the Court must give a practical pragmatic construction based on the circumstances of each case. *In re Prime Motor Inns, Inc.*, 166 B.R. 993, 997 (Bankr.S.D.Fla.1994). Assurance is adequate if performance is likely; that is, more probable than not. Regarding assurance of future performance, it is helpful to show sufficient financial backing, escrow deposit, or similar forms of security. The viability of a proposal and accuracy of projections will be factors in the Court's determination of adequate assurance. Congress also did not define the words "promptly cure" in § 365(b)(1)(A). Various courts have held that prompt can mean anywhere between two weeks to five years depending on the circumstances of a particular case. *In re Bockes Brothers Farms, Inc.*, Bankr.93–60881KW, slip op. at 2 (Bankr.N.D.Iowa, Aug. 16, 1994).

In applying the foregoing legal principles to this case, the Court must examine the assignment and assumption agreement entered into between Iowa Quality Beef Supply Network and the Chapter 7 Trustee. The document itself is simple and straightforward. In summary, it states that the bankruptcy estate would assume the lease from Tama Beef Packing, Inc. and, thereafter, assign the unexpired lease to Iowa Quality Beef Supply Network. The assumption price for the lease is $153,000 in cash. Subject to Court approval and preparation of the documents, the money is to be paid immediately in one lump sum. Upon payment of the assumption price, Trustee's interest in the lease

would terminate and Iowa Quality Beef Supply Network would be allowed to enter into negotiations with the City of Tama to cure the default outside of bankruptcy court jurisdiction. Iowa Quality Beef Supply Network and Trustee agree, in paragraph 4 of the Agreement, that Iowa Quality Beef Supply Network would promptly cure all defaults under the lease and would indemnify and hold Trustee harmless from any losses in connection with Iowa Quality Beef Supply Network's failure to cure the default.

As discussed, the Court must look to the unique circumstances of each case to determine whether the criteria of § 365(b) are satisfied. Admittedly, under different facts, a simple recitation of a willingness to cure a default absent other assurances may be inadequate. However, the background of this case convinces the Court that the criteria are adequately met.

The City of Tama is the lessor in the lease in question. It is axiomatic that an executory contract must be assumed in its entirety. Trustee is not afforded the luxury of assuming parts and rejecting other parts of an executory contract. Likewise, Trustee is not free to renegotiate the terms of an executory contract. However, this is not necessarily true of the lessor. While the City of Tama has objected to the assignment and assumption agreement of AgriProcessors, Inc., it has lodged no objection to the assignment and assumption agreement of Iowa Quality Beef Supply Network. This is a critical consideration because the entire purpose of § 365, in addition to protecting the interests of the bankruptcy estate, is to protect the interests of the second party to the lease. That party is the City of Tama which actively endorses the terms of the assignment to Iowa Quality Beef Supply Network. The City of Tama is represented by able counsel, who left no uncertainty that the City of Tama felt comfortable that the criteria under § 365(b) are adequately satisfied by the terms as specified by Iowa Quality Beef Supply Network in the assignment and assumption agreement.

AgriProcessors, Inc. argues that because of the City's willingness to negotiate with Iowa Quality Beef Supply Network but not with them, the "playing field is not level" for AgriProcessors, Inc. It is true that AgriProcessors, Inc. was the first business to come forward within the bankruptcy process and express interest in the lease. AgriProcessors, Inc. also expresses some displeasure with its perception that the City of Tama has not been willing to negotiate in the same way it has done with Iowa Quality Beef Supply Network. This may or may not be correct. However, the City of Tama is the only entity who can elect to negotiate and change the conditions of the lease. This Court has no ability to dictate what the City of Tama may or may not do in that regard. Additionally, Iowa Quality Beef Supply Network has included a clause in the assignment and assumption agreement that Iowa Quality Beef Supply Network will hold Trustee harmless from any losses if Iowa Quality Beef Supply Network fails to cure the default. These factors are compelling and lead the Court to conclude that, under the circumstances of this case, the requirements of § 365(b) are satisfied.

Even though § 365 is satisfied and Trustee supports the offer of Iowa Quality Beef Supply Network, Trustee's decision is subject to Court approval. As with other areas of § 365, the statute is silent as to the criteria which a court should apply or the types of analysis a court should utilize in approving or rejecting Trustee's decision.

Whereas, the primary purpose of the criteria of § 365 are to protect the other party to a contract, the purpose be-

hind Court approval is to insure that the best interests of the bankruptcy estate are protected. "The purpose behind allowing the assumption or rejection of executory contracts is to permit the trustee or debtor-in-possession to use valuable property of the estate and to renounce title to and abandon burdensome property." *In re Orion Pictures Corp.*, 4 F.3d 1095, 1098 (2nd Cir.1993) (internal citations omitted). If the trustee or debtor-in-possession rejects an executory contract pursuant to § 365, "the other party to the rejected contract becomes a general creditor of the estate for any damages flowing from the rejection." *In re Minges*, 602 F.2d 38, 41 (2nd Cir.1979). In short, § 365 permits the trustee or debtor-in-possession, subject to the approval of the bankruptcy court, to go through the inventory of executory contracts of the debtor and decide "which ones it would be beneficial to adhere to and which ones it would be beneficial to reject." *Orion Pictures*, 4 F.3d at 1098.

█ The judicially developed majority rule holds that the role of a court in this process is to examine the underlying contract as well as all of the surrounding circumstances and then apply the court's best "business judgment" in evaluating whether assumption of the lease is beneficial to the bankruptcy estate. As stated in *Orion Pictures*,

> in reviewing a trustee's or debtor-in-possession's decision to assume an executory contract, then, a bankruptcy court sits as an overseer of the wisdom with which the bankruptcy estate's property is being managed by the trustee or debtor-in-possession, and not, as it does in other circumstances, as the arbiter of disputes between creditors and the estate.

4 F.3d at 1099. The view expressed by the Second Circuit is consistent with that of the Eighth Circuit:

Although the court uses a business judgment test in deciding whether to approve a trustee's motion to assume, reject, or assign an unexpired lease or executory contract, this entails a determination that the transaction is in the best interest of the estate. *See Nostas Assocs. v. Costich (In re Klein Sleep Prods., Inc.)*, 78 F.3d 18, 25 (2d Cir. 1996)("Th[e] decision [to allow a debtor to assume an unexpired lease] required a judicial finding—up—front—that it was in the best interests of the estate (and the unsecured creditors) for the debtor to assume the lease....."). Where the trustee's request is not manifestly unreasonable or made in bad faith, the court should normally grant approval "[a]s long as [the proposed action] appears to enhance [the] debtor's estate." *Richmond Leasing Co. v. Capital Bank, N.A.*, 762 F.2d 1303, 1309 (5th Cir.1985) (quotation omitted).

*In re Food Barn Stores, Inc.*, 107 F.3d 558, 567, n. 16 (8th Cir.1997).

█ Applying the foregoing principles to this case, this Court finds the offer made by Iowa Quality Beef Supply Network satisfies the "business judgment" test. The Court concludes that sound business judgment requires that the Assignment and Assumption Agreement between Trustee and Iowa Quality Beef Supply Network should be approved. First, the Agreement will allow Debtor to become disengaged from the obligations owing to the City of Tama. This will be done in the future through assignment of the lease to Iowa Quality Beef Supply Network. The obligations already owing to the City will be negotiated between Iowa Quality Beef Supply Network and the City with the City agreeing to subordinate some of these obligations. Therefore, Debtor's obligations to the City will be eliminated, allowing the bankruptcy estate

to more effectively use the funds which it will have at its disposal. To insure that Debtor is free of any obligations to the City of Tama if the negotiations should fail between the City and Iowa Quality Beef Supply Network, Iowa Quality Beef Supply Network has included in the Assignment and Assumption Agreement an indemnification clause which holds Debtor harmless for any losses which might be incurred through Iowa Quality Beef Supply Network's negotiations with the City.

Secondly, as a result of approval of this arrangement, GECC, which has advanced $10,000 for utility bills will be able to be reimbursed for this loan. Third, AgriProcessors, Inc. will be refunded the $100,000 which it advanced to Trustee. The Court is advised that these funds have been held by Trustee since their deposit. Because of the willingness of the City to subordinate some of Debtor's obligations, there has been no claim made on any of this $100,000 deposit and it can be refunded to AgriProcessors, Inc. in its entirety.

Finally, Iowa Quality Beef Supply Network has offered $153,000 in cash to purchase this lease. This is $23,000 more than offered by AgriProcessors, Inc. In a bankruptcy estate which is presently completely without funds, this difference in the amount of the offer, in and of itself, is sufficient to warrant approval of the offer made by Iowa Quality Beef Supply Network.

Without unduly lengthening this opinion, the Court must mention the position of T.E.C. Industrial, Inc. This creditor installed conveyor equipment at the Tama Beef plant and subsequently filed a mechanic's lien. The mechanic's lien issue is being litigated in State Court and was on appeal and ready for oral argument when this case was filed. In the bankruptcy case, T.E.C. has filed objections to Trustee's motions regarding assumption and as-

signment of the lease. It has also filed a Motion for Relief from Stay which is set for preliminary hearing on April 19, 2002 at 2:30 p.m. As discussed at the hearing on assumption of the lease, the Court concludes it is prudent to allow T.E.C.'s state court action to be concluded in the Iowa Court of Appeals. After that court issues its mittimus, however, the parties are directed not to enforce the final order until returning to this Court for further determinations regarding relief from the automatic stay and resolution of all remaining issues involving T.E.C. The stay will be formally modified by separate order.

**WHEREFORE,** for the reasons set out herein, this Court concludes that the offer of Iowa Quality Beef Supply Network satisfies the criteria set forth in 11 U.S.C. § 365.

**FURTHER,** for all of the reasons set forth herein, the Court has applied its best business judgment and concludes that it would be beneficial for the estate to approve assumption of the lease between Debtor, Tama Beef Packing, Inc. and the City of Tama and it is so ordered.

**FURTHER,** in the exercise of its best business judgment, the Court concludes that it would be in the best interest of the estate to approve the motion of the Trustee to assign this lease to Iowa Quality Beef Supply Network pursuant to the Assignment and Assumption Agreement executed between Trustee and Iowa Quality Beef Supply Network, and it is so ordered.

**FURTHER,** the automatic stay involving T.E.C. Industrial, Inc. is modified as set forth in a separate order.